## Halin's Estate

The facts appear from the following extract from the adjudication of

STEARNE, J., Auditing Judge.—The decedent, a widower, died June 9, 1928, intestate, leaving to survive him as the persons entitled to his estate under the intestate laws several children as noted in the petition, all of whom are living and of age.

Letters of administration were granted to the accountant on June 3, 1929; proof of publication of the grant of same was submitted and is annexed hereto.

It is to be noted that the account was filed in compliance with a decree of this court dated March 21, 1932, and hence the statutory six months' period required to elapse before the filing of the account has been waived.

The payment of transfer inheritance tax, $3.77 on $138.40, on June 2, 1932, was duly vouched.

A contest arose at the audit respecting the propriety of charging certain expenses against the fund in the hands of the accountant. It appears that the fund accounted for, to wit, $460.69, represents the proceeds realized from the sale of certain real estate (owned by the decedent) by the sheriff pursuant to foreclosure proceedings, and by him paid to the accountant in accordance with section fifteen (j) of the Fiduciaries Act of June 7, 1917, P. L. 447, and now distributable as the real estate of which it is the proceeds would have been. Objection is made specifically to credit items of $36.25, $7.50 and $100, representing costs and counsel fee in certain equity proceedings involving the real estate in question. Under these circumstances, the items in question are improper charges against the fund now before me for distribution, with the qualification that I shall allow $25 as a reasonable fee for services rendered in connection with the present accounting. The balance, or $75, together with the other two items mentioned, are hereby stricken from the account.

*Joseph P. Berks*, for exceptant; *Peter P. Zion*, contra.

SINKLER, J., November 4, 1932.—The one exception filed relates to the disallowance of items of credit in the account for the payment of counsel fees and costs in a proceeding in equity involving certain real estate owned by decedent

and sold at sheriff's sale after his death. The balance remaining in the sheriff's hands after paying certain liens was paid by him to the accountant in accordance with the provisions of section fifteen (j) of the Fiduciaries Act of 1917. The act, after directing that such a fund as is here accounted for shall be paid to the executor or administrator for distribution, concludes: "Provided always, that such money shall be distributed as the real estate of which it is the proceeds would have been."

The accounting in this court furnishes a channel through which the fund is to be distributed to those persons in whom the real estate from the sale whereof the fund is derived would have vested. This court has no authority to divert the fund or any part of it from that channel. The auditing judge allowed a reasonable fee to counsel for services rendered in the present accounting, but properly surcharged him with the other items.

The exceptions are dismissed and the adjudication is confirmed absolutely.